FILED Paid

2011 MAY 18 P 2: 45

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

THE LAW OFFICES OF HOWARD W. RUBINSTEIN
Richard A. Proaps, Esq.,  State Bar No.  78898
rproaps@aol.com
8150 Greenback Lane, Bldg. 200
Fair Oaks, California 95628
Telephone: (916) 722-1665
Facsimile: (916) 722-4881

E-filing

MILSTEIN ADELMAN, LLP
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

ADR

**Attorneys for Plaintiff**
**TRACEY LIPTON**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

TRACEY LIPTON, individually and on behalf
of all others similarly situated,

                    Plaintiff,

          vs.

GOOGLE, INC., a California corporation; and
DOES 1 through 10, inclusive,

                    Defendants.

Case No.

CV-11-02427 HRL

**CLASS ACTION COMPLAINT FOR**
**EQUITABLE RELIEF AND**
**DAMAGES**

1. Violations of 18 U.S.C. §§ 1030, *et seq.*
2. Violations of Cal. Civ. C. §§ 1790, *et seq.* (Song-Berverly Consumer Warranty Act)
3. Intentional Misrepresentation
4. Negligent Misrepresentation
5. Violations of Cal. Bus. & Prof. C. §§ 17200, *et seq.* (Unfair Competition Law)
6. Violations of Cal. Bus. & Prof. C. §§ 17500, *et seq.* (False Advertising Law)

**DEMAND FOR JURY TRIAL**

BY FAX

Plaintiff, TRACEY LIPTON ("Plaintiff"), individually and on behalf of all others similarly situated United States residents, bring this complaint against Defendants, GOOGLE, INC., a Delaware corporation; and DOES 1 through 10, inclusive, (collectively "Defendants" or "Google"), and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff seeks to represent a national class, and more than 2/3 of the members of the putative class are citizens of different states than Google. Plaintiff is a resident of Cook County, Illinois. Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

2. Defendant can be considered a citizen of California. Defendant Google, Inc.'s headquarters are in Mountain View, Santa Clara County, California. More than 2/3 of the putative Class are citizens of states other than California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts and transacts substantial business in this District, and at least one Defendant has its headquarters located in this District.

## **PARTIES**

4.     Plaintiff TRACEY LIPTON ("Plaintiff"), is an adult individual and resident of Cook County, Illinois.  Plaintiff LIPTON was a user of the Google Android phone model #A855 which she purchased on or about March 31, 2010 at a Verizon Store located at 500 N. Michigan Avenue, Chicago, Illinois. It was by her use of this phone that Verizon engaged in illegal tracking and recording of Plaintiff's movements and locations.  This tracking was done by Google without plaintiff's knowledge or consent and without disclosure of such tracking by Defendant GOOGLE, INC.  Plaintiff relied on Google, Inc.'s statements and omissions with regard to protecting her privacy. She has a legitimate privacy interest in her locations and reasonably believed this information would not be tracked by Google, Inc., let alone maintained in an unencrypted format by GOOGLE, INC. for a year or more.

5.     Defendant GOOGLE, INC. is a Delaware corporation with its principle place of business within this District in Mountain View, Santa Clara County, California.  Google, Inc. conducts substantial business throughout this State, this District, and throughout the entire United States by advertising and through the extensive use of distribution channels that delver and sell the goods and services to consumers.

6.     Plaintiff also names Does 1–10 as Defendants in this action, whose names and roles in this controversy have not presently been ascertained.  At all times relevant herein, these Doe Defendants, along with GOOGLE, INC. and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants, and employees of each, and at all times relevant herein, each was acting within the purpose and scope of that agency, service, and employment.

7.     Whenever reference in this Complaint is made to any act or transaction of the Defendant, such allegation shall also include the principals, officers, directors, employees,

agents, and/or representatives of Defendant who committed, knew of, performed, authorized, ratified and/or directed such acts or transactions on behalf of Defendant while actively engaged in the scope of their duties.

## GENERAL ALLEGATIONS

8.     Google Android phones, including Plaintiff's model #A855 are secretly recording and storing details of all their owners' movements.  Plaintiff is informed and believes and based thereon alleges that the location date is hidden from users but unencrypted, making it easy for Google or third parties to later access.

9.     Google's pattern of conduct in tracking consumers' locations and storing this data was intentional.

10.     This action arises out of Google's failure to inform their customers and users of the Android phones that their movements were being tracked and recorded nor the extent nor consequences of such tracking and recording.

11.     All Android operating system phones log, record and store users' locations based on latitude and longitude alongside a timestamp and unique device ID attached to each specific phones.  The phones store this information in a file located on the phone.  Google began recording this information with the release of its Android operating system.  Google uses cell-tower triangulation and/or alternatively, Google may use global positioning system (GPS) data to obtain a user's location.

12.     Cellular phones using Google's Android Operating System obtain tracking information every few seconds and download the user location data and unique device ID attached to each specific phone to Google computers on a regular basis several times every hour.  The data is unencrypted while being transmitted and while on the mobile devices.

13. Users of cellular phones using Google's Android Operating System, including Plaintiff and Class Members, were unaware of Google's extensive tracking of their locations and did not knowingly consent to such tracking.

14. Google's Terms of Service do not disclose its comprehensive tracking of users nor its use of a unique device ID attached to each specific phone. Google only discloses that it is seeking permission to obtain location information from its Android Operating System cell phone users. Plaintiffs and other users did not provide any sort of informed consent to the extensive tracking at issue in this case.

15. Google's omission of its uniform location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording each location he or she visited and storing these locations in an unencrypted format. Google collects the location information covertly, surreptitiously and in violation of law.

16. Plaintiff and Class members had no reasonable basis to believe every physical location they visited, while carrying their Android phone, could or would be monitored by Google and then stored in an unencrypted format.

17. Google tracks users' locations on its own, separate, apart and in addition to the information it collects in conjunction with other businesses that develop applications for Google's devices. This action is not about the applications. It is about Google's collection of their customers' location information.

18. Google's Android phones (collectively, the "Products") were created to keep consumers "connected" at all times, and are thus carried by consumers to essentially every location they travel to, making the information collected by Google highly personal, and

valuable; indeed, in many instances it may be information to which employers and family members are not privy.

19.     That information about places frequently visited by a consumer are stored unencrypted, and the accessibility of the unencrypted information collected by Google places consumers, including Plaintiff and the Class, at serious risk of privacy invasions, including crimes such as theft and stalking.

20.     Plaintiff and proposed Class members were harmed by Google's accrual of personal location, movement and travel histories because their personal computers were used in ways they did not approve, and because they were personally tracked just as if by a tracking device for which a court-ordered warrant would ordinarily be required.

21.     Plaintiff brings this action to stop Google's illegal and intrusive scheme of collecting personal location information.

22.     Plaintiff seeks an injunction requiring Google to disable such tracking in its next-released operating system for the relevant devices, which include at least cell phones running the Android operating system.

23.     Plaintiff also seeks damages for violation of her and the Class Members' statutory and common law privacy rights.

24.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have suffered and/or will suffer irreparable and irreversible harm and damage.  As such, Plaintiff, on behalf of the Class, seeks injunctive relief, compensatory and punitive damages, statutory penalties and restitution for statutory and common law violations of California law.

25.     An injunction that would, among other things, require Google to reconfigure its software so that users' personal location information is not collected, synced to other computers,

nor stored in an unencrypted format, is required to protect Plaintiff and the Class' privacy rights for the following reasons:

    a.  Google knew or should have known that ordinary consumers acting reasonably would not understand the Google privacy policy to include the location tracking and synchronizing at issue in this case.

    b.  Irreparable injury has resulted and continues to result from Google's unauthorized tracking of millions of Americans. Once Plaintiff and the Class began carrying their Google Products, Google began tracking their locations. This has happened in the past and continues to happen all across the United States. It is unconscionable to allow Google to continue unlawfully and without proper consent tracking Plaintiff and proposed Class members. If Google wanted to track the whereabouts of each of its products' users, it should have obtained specific, particularized informed consent such that Google consumers across America would not have been shocked and alarmed to learn of Google's practices in recent days.

    c.  No adequate remedy at law exists because users of Google's Android products have no way to prevent Google from collecting this information because even if users disable the Android phone components, Google's tracking system remains fully functional.

    d.  Balance of the hardships favors Plaintiff and the Class because it is easier for Google to stop unlawfully tracking the every move of Americans than it is for individual consumers to circumvent Google's sophisticated tracking programs. To require that Plaintiff and the Class bear the consequences of Google's deceptive

privacy policy and unlawful acquisition of personal location information would be inequitable.

    e.   The public has an important privacy interest their locations. Without an injunction, the unencrypted tracking information being synced with computers and networked to the internet are unsecured. The public interest would not be disserved, and indeed would be advanced, by entering an injunction against Defendant.

26.    Plaintiff also seeks an order that Defendant was unjustly enriched as a result of the conduct described herein, and that such funds be disgorged. Because of Google's omissions and concealment, Plaintiff and Class members conveyed a benefit to Google by purchasing its products, maintaining and purchasing its service and then being tracked everywhere they subsequently traveled. Google appreciated the benefit conferred on it by Plaintiff in this transaction because it was enriched in the amount Plaintiff paid for the Android phone and the monthly service. Plaintiff is entitled to have a refund of the amounts that they paid for the Android phone and monthly service charges due to the fraudulent conduct of Defendants in an amount according to proof.

## CLASS ACTION ALLEGATIONS

27.    The Plaintiff brings this action on behalf of herself and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

**All persons in the United States who purchased or owned a cellular phone or other equipment with the Android operating system between the release of those products for sale by Google and the present. Excluded from the Class are those**

**who purchased the products for resale; members of the federal judiciary and their relatives; and Defendant's officers, directors and employees.**

28.     While the exact number of Class members is unknown to the Plaintiff at this time, Plaintiff is informed and believes and based upon such information and belief alleges that there are millions of members of the proposed Class. There are tens of millions of phones using the Android Operating System in the United States.  The Class is so numerous that joinder of all members of the Class is impracticable.

29.     This action involves questions of fact common to all Class members because all Class members purchased, own or use phones with Google's Android Operating System under Google's uniform privacy policies.

30.     This action involves question of law common to all Class members because:

    a.   The Computer Fraud and Abuse Act, violated here, is national in scope and applies to all prospective Class members; and

    b.   Google's privacy invasions have violated Plaintiff's and Class members' common law rights in uniform ways.

31.     Plaintiff's claims are typical of those of other members of the Class as there are no material differences in the facts and law underlying the claims of Plaintiff and the Class and by prosecuting their claims Plaintiff will advance the claims of Class members.  Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

32.     The common questions of law and fact among all Class members predominate over any issues affecting individual members of the Class, including but not limited to:

    a.   whether Google obtained and stored Plaintiff's location information;

b. whether Google failed to disclose material terms in its privacy policy regarding its collection of users' location information;

c. whether Google intends to market or otherwise exploit users' location information;

d. whether the alleged conduct constitutes violations of the laws asserted herein;

e. whether Plaintiff and Class members are entitled to declaratory and injunctive relief;

f. whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

g. whether Plaintiff and Class members have sustained consequential loss, and to what measure; and

h. whether Google's acts and omissions warrant punitive damages.

33. Class treatment of the claims set forth herein is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between Class members and Google, and inconsistent treatment and adjudication of the claims would likely result.

34. The litigation and trial of Plaintiff's claims is manageable. Google's standardized "Terms and Conditions" at issue, Google's uniform deployment of operating systems that track each user in identical ways, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

35.     Google has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief are appropriate.

36.     Unless a class-wide injunction is issued, Google will continue to commit the violations alleged, and the members of the Class will continue to be tracked, unlawfully surveyed, and potentially endangered.

37.     Google has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

38.     Google's acts and omissions are the direct and proximate cause of damage as described in the following Causes of Action:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. §§ 1030, ET SEQ.**
**(Plaintiff and Class Members Against All Defendants)**

39.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

40.     By secretly installing software that records users' every moves Google has accessed Plaintiff's computer and cellular phone, in the course of interstate commerce or communication, in excess of the authorization provided by Plaintiff as described in the Computer Fraud and Abuse Act (the "Fraud Act") 18 U.S.C. § 1030(a)(2)(C).

41.     Plaintiff's Android phone, and those of the Class, are protected computers pursuant to 18 U.S.C. section 1030(e)(2)(B).

42.     Google further violated the Fraud Act by causing the transmission of a program, information, code or command - both in deploying the Android operating systems, and also as a

result of the syncing of user handheld devices with their laptop or desktop computers - and as a result caused harm aggregating at least $5,000,000 in value.

43.    Google's actions were knowing or reckless and, as described above, caused harm to Plaintiff and proposed Class members.

44.    Plaintiff seeks recovery for this loss, as well as injunctive and declaratory relief to prevent future harm.

### SECOND CAUSE OF ACTION
### BREACH OF SONG -BEVERLY CONSUMER WARRANTY ACT
### CAL. CIV. C. §§ 1790, ET SEQ.
**(By Plaintiff and the Class as against all Defendants)**

45.    Plaintiff re-alleges and incorporates the above allegations by reference as if set forth fully herein.

46.    Plaintiff asserts this Cause of Action individually, on behalf of the Class and on behalf of the common or general interest for breach of implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790, et seq.

47.    The Android phones are "consumer goods" within the meaning of Civ. Code §1791(a).

48.    Google's implied warranty of merchantability arose out of and/or was related to the sales of the Android phones operating system and service.

49.    As set forth more fully above, Defendant has failed to comply with its obligations under its implied warranty of merchantability.

50.    Plaintiff and the Class have suffered and will continue to suffer damages as a result of Defendant's failure to comply with its warranty obligations. Accordingly, Plaintiff and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§1791.1(d) and 1794. Defendant's breaches of warranty, as set forth

above, were willful. Accordingly, a civil penalty should be imposed upon Defendants in an amount not to exceed twice the amount of actual damages.

### THIRD CAUSE OF ACTION
### INTENTIONAL MISREPRESNTATION
### (By Plaintiff and Class Members Against All Defendants)

51.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

52.     Google represented to Plaintiff and Class members that it would not collect information about their every movement and location, and omitted disclosing this to Plaintiff and the Class.

53.     Google knew its privacy terms and conditions policy was, and continues to be, false, deceptive and untrue. Google omitted the fact that Google will track users, and intended for Plaintiff and Class members to rely on its deceptive statements.

54.     Plaintiff and Class members had no reason to believe their physical locations could or would be monitored by Google and stored in an unencrypted format.

55.     Google's omission of its location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording each location he or she visited and storing them in an unencrypted format.

56.     Google's fraud is comprised both the omissions of proper disclosures to its users and to its illegal tracking of their movement.

57.     Plaintiff and Class members, acting as ordinary consumers, reasonably relied on Google's representations. Plaintiff had a right to rely on Google's representations. Plaintiff's and Class members' reliance on Google's omissions was a substantial factor in causing their harm.

1   Plaintiff and Class members were damaged in the amount of money required to purchase

2   Google's products and the monthly service charges on their accounts.

3
4       58.     Plaintiff and the Class seek punitive damages from Google.

5       59.     Google had and continues to have a duty of good faith, which implicitly includes

6   a duty not to deceive consumers, and also not to conduct this sort of covert digital surveillance

7   on consumers. And they certainly have a duty not to stalk consumers. But that is exactly what

8   Google has done and continues to do.  Google has collected and maintained the location history

9   of Plaintiff and the Class, in an unprotected format in conscious disregard of the rights, including

10
11  privacy rights, of the Plaintiff and Class Members.

12      60.     To remedy Google's intentional omission to consumers, and omission of

13  clarifying statements during the sales process. Plaintiff and Class members seek to rescind the

14  contracts, and thereby disgorge all monies paid to Google for these products.

15
              **FOURTH CAUSE OF ACTION**
16            **NEGLIGENT MISREPRESENTATION**
17        **(Plaintiff and Class Members Against All Defendants)**

18      61.     Plaintiff re-alleges and incorporates by reference the allegations contained in the

19  paragraphs above, and those that come after as if fully set forth here.

20      62.     At all times since introducing the Android Operating System in advertising for

21
22  and soliciting customers, Google omitted a material fact—that purchasers would be tracked at all

23  times during its sale of Android Phones to consumers and that records of the tracking would be

24  maintained and may be maintained indefinitely.

25      63.     Google was negligent in making the omission because it should have known that

26
27  whether their every movement would be tracked, recorded, and stored for later use was material

28  to consumers.

64.     Google, in making that omission intended, or expected, that Plaintiff and Class members would rely on the omission.

65.     Plaintiff and the Class justifiably relied on Google's omissions about its tracking of purchasers, and would not have purchased Google's products but for the omission. Plaintiff and the Class were damaged in amounts equal to the price they paid for Google products and their monthly service charges.

66.     Google's omissions were material and directly and proximately caused ordinary consumers acting reasonably, Plaintiff and Class members included, to buy the Android Phones and other Android or Google products. Without Google's omissions of its covert intentions, the products would not have been purchased, and Plaintiff would not have suffered damages.

67.     Plaintiff seeks punitive damages from Google.

**FIFTH CAUSE OF ACTION:**
**VIOLATIONS OF BUS & PROF. CODE § 17200 ET SEQ.**
**(By Plaintiff and the Class as against all Defendants)**

68.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

69.     This cause of action is brought pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

70.     Google committed "unlawful" business acts or practices when they violated California Const., Art. I, Section I, Cal. Bus. & Prof. Code 17500, et seq., 18 U.S.C. § 1030 et seq. and the Song-Beverly Act, Civ. Code §1790, et seq.as described above.

71.     Google committed unfair and fraudulent business acts or practices by failing to adequately advise Plaintiff and the Class that they were tracking their movements and locations of Plaintiff and Class Members and recording that information for periods of one year or longer. The record of movements was accessible by Google and could be made available to third parties as well as subject to access by subpoena.

72.     Google has engaged in unfair, unlawful and fraudulent business practices as set forth above.

73.     By engaging in the above-described acts and practices, Google has committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, et seq.

74.     Google's acts and practices have and/or are likely to deceive members of the consuming public into reasonably believing that their movements and locations could be kept private when they had a cellular Phone with the Android operating system with them.

75.     The activity of Google tracking its customers and maintaining records of the tracking was the direct and proximate result of Defendant's failure to advise Plaintiff and Class Members that they were being tracked and the records of their locations were being maintained and of Google not providing the Plaintiff and Class Members a means of giving informed consent to or opting out of the tracking and recording of their movements. It was reasonably foreseeable to Google that Plaintiff and Class Members would not want to have their movements tracked and the records of their movements recorded and maintained indefinitely.

76.     Defendant actively concealed its knowledge that Defendant was tracking and recording the movements and locations of Plaintiff and Class Members.

77.     Pursuant to the California Constitutional Right to Privacy and California law there is an explicit public policy, creating an affirmative and continuing obligation on Defendant

herein, to respect consumers' privacy and to provide reasonable consumer computer data security under the circumstances, including, without limitation, the Plaintiff and the Class herein, and to protect the security and confidentiality of their nonpublic personal information (i.e. their location history). Such duties include, without limitation, the duty to ensure security, protect against anticipated threats, and protect against unauthorized access. Defendant, on information and belief, breached said duties by tracking the movements and locations of Plaintiff and Class Members and maintaining records of such private information, all without the knowledge or consent of Plaintiff or Class Members.

78.     The harmful impact upon members of the general public and the Class who purchased and used the Android phones and Android operating system service outweighs any reasons or justifications by Defendant for its conduct, as described above, considering the reasonably available alternatives.   Preventing such conduct or redressing it is tied to a legislatively declared policy of not permitting the mislabeling or advertising of Android phones or the Android operating system.

79.     The use of such unlawful, fraudulent and unfair business acts and practices was and is under the sole control of Defendant, and was deceptively concealed from the public by Defendants.

80.     As a purchaser and consumer of Defendant's goods and services who suffered injury in fact and a loss of money or property (including property interest in personal information) as a result of Defendant's acts of unfair competition from purchasing the goods and services at the prices, that Plaintiff did, Plaintiff has standing to assert the claims made herein on behalf of the Class and seek all available remedies under the UCL.

81.     Google's sales and marketing practices thus constitute unfair, deceptive, fraudulent and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

82.     Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and all others similarly situated for the benefit of the public, seeks an order of this Court:

     a.  Enjoining Defendant from continuing to engage, use, or employ business acts or practices found by this Court to be unfair, deceptive and/or unlawful, related to the tracking of Plaintiff and the Class' locations and storing that information in an unencrypted format, as set forth in detail above; and

     b.  Restoring all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

83.     Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

84.     As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

85.     As a further result of Defendant's conduct, Plaintiff and the Class are entitled general and special damages, an award of up to 3 times the general and special damages proximately caused by a violation of Civil Code sections 1708.8 (a), (b), or (c) and, if done for a commercial purpose, disgorgement to the Plaintiff and Class Members any proceeds or other consideration obtained as a result of the violation of this section.  California Civil Code section 1708.8(d).  This section provides that the Defendants may also be liable for punitive damages as provided in Civil Code section 3294.

86. Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## SIXTH CAUSE OF ACTION
## VIOLATIONS OF BUS. & PROF. CODE § 17500 (FAL)
### (By Plaintiff and the Class as against all Defendants)

87. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

88. Plaintiff brings this cause of action on behalf of herself, on behalf of the Class, and on behalf of the common or general interest. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's violations of Bus. & Prof. Code §17500, et seq.

89. Beginning in or about 2009, Defendant engaged in advertising and marketing to the public and offered the Android phone with the Android operating system for sale throughout the United States, including California, and the world.

90. Defendants have engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the Android Phone with the Android operating system and service.

91. Defendant's advertisements and marketing representations regarding the technical and other characteristics of the Android phone and Android operating system and service are false, misleading and deceptive as set forth more fully above.

92.    At the time Defendant made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violation of Bus. & Prof. Code §17500, et seq.

93.    Defendant actively concealed its knowledge that the movements and locations of its customers would be tracked and that the records of the tracking would be maintained by Google for extensive periods of times that could be for more than a year.

94.    Plaintiff has been harmed. Plaintiff, on behalf of herself, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §17500, et seq.

95.    Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

96.    As a result of Defendant's violations of the FAL, Plaintiff and the Class are entitled to restitution and disgorgement for out-of-pocket expenses and economic harm.

97.    Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1.     For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her counsel as counsel for the Class;

2.     For an award of equitable relief as follows:

(a)     Enjoining Defendants from making any claims for the goods and services found to violate California law as set forth above;

(b)     Requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

(c)     Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct described in this Complaint;

(d)     Requiring Defendants to immediately cease its wrongful conduct;

(e)     Enjoining Defendants' unfair, unlawful and fraudulent conduct;

(f)     Requiring Defendants to engage in a corrective notice campaign;

(g)     Requiring Defendants to refund to Plaintiff and all members of the Class the funds paid to Defendants for the Product;

3.     For an award of attorney's fees and costs .

4.     For an award of statutory damages, pursuant to §1708.8(d) of the Civil Code and any other applicable statutes;

7.     For an award of damages to be determined at trial;

8.     For an award of statutory damages to be determined at trial;

9.     For an award of punitive damages to be determined at trial.

10.     For pre- and post-judgment interest on any amounts awarded.

DATED:  May 18, 2011          Respectfully submitted,

                              Sara D. Avila

                              MILSTEIN ADELMAN, LLP
                              Gillian L. Wade, State Bar No. 229126
                              gwade@milsteinadelman.com
                              Sara D. Avila, State Bar No. 263213
                              savila@milsteinadelman.com
                              2800 Donald Douglas Loop North
                              Santa Monica, California 90405
                              Telephone: (310) 396-9600
                              Fax: (310) 396-9635

                              Richard A. Proaps
                              THE LAW OFFICES OF
                              HOWARD W. RUBINSTEIN
                              Richard A. Proaps, State Bar No. 78898
                              rproaps@aol.com
                              Howard W. Rubinstein, Fla. State Bar No.  104108
                              howardr@pdq.net
                              PO Box 4839
                              Aspen, CO 81612
                              Telephone: (832) 715-2788
                              Facsimile: (561) 688-0630
                              *To apply pro hac vice*

                              Attorneys for Plaintiff TRACEY LIPTON

                         **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  May 18, 2011          Respectfully submitted,

                              Sara D. Avila

                              MILSTEIN ADELMAN, LLP
                              Gillian L. Wade, State Bar No. 229126
                              gwade@milsteinadelman.com
                              Sara D. Avila, State Bar No. 263213
                              savila@milsteinadelman.com
                              2800 Donald Douglas Loop North
                              Santa Monica, California 90405

---

Class Action Complaint

Telephone: (310) 396-9600
Fax: (310) 396-9635

Richard A. Proaps
THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
Richard A. Proaps, State Bar No. 78898
rproaps@aol.com
Howard W. Rubinstein, Fla. State Bar No. 104108
howardr@pdq.net
PO Box 4839
Aspen, CO 81612
Telephone: (832) 715-2788
Facsimile: (561) 688-0630
*To apply pro hac vice*

Attorneys for Plaintiff TRACEY LIPTON